**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x
CHARLIE R.,
                   Plaintiff,

      -against-

COMMISIONER OF SOCIAL SECURITY,

                   Defendant.
------------------------------------ x

MEMORANDUM DECISION
AND ORDER

21 Civ. 01280 (GBD) (GRJ)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Charlie R.[1] brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the Commissioner of Social Security's determination that he did not qualify for disability benefits. (Compl., ECF No. 1.) The Plaintiff and Commissioner cross-moved for a judgment on the pleadings. (Pl.'s Mot. for Judgment on the Pleadings, ECF No. 21; Comm'r Cross Mot. for Judgment on the Pleadings, ECF No. 23.) Before this Court is Magistrate Judge Gary R. Jones' May 2, 2022 Report and Recommendation, ("Report," ECF No. 26), recommending that Plaintiff's motion be denied and the Commissioner's motion be granted. No objections were filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full and dismisses Plaintiff's complaint.

    A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Jones did not commit a clear error in finding that the Administrative Law Judge's (ALJ's) decision to deny Plaintiff disability benefits was supported by substantial evidence. As the Report correctly states, The court's review is limited to "'determin[ing] whether there is substantial evidence supporting the Commissioner's decision…'" (Report at 5 (quoting *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam)).) Plaintiff's only contention is that the ALJ failed to adequately address supporting medical opinion evidence from Dr. Eleanor Murphy. (*See* Report at 7, 9-10.) However, the record also included differing medical opinions that the ALJ had to consider. (*See, e.g.*, Report at 11.) "When the record contains competing medical opinions, it is the role of the Commissioner, and not this Court, to resolve such conflicts." (Report at 11 (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).) The ALJ found parts of Dr. Murphy's opinion persuasive. But Magistrate Jones did not err in finding that competing medical opinions provided substantial evidence for why the ALJ found parts of Dr. Murphy's opinion unpersuasive, especially the parts relevant to his ability to find work in today's economy. (*See* Report at 12, 14.)

Thus, Magistrate Judge Jones' Report and Recommendation is ADOPTED IN FULL. The Commissioner's motion for judgment on the pleadings is GRANTED. Plaintiff's motion seeking the same is DENIED. The Clerk of Court is directed to terminate the motions, (ECF Nos. 21, 23), and close the case.

Dated: New York, New York
       August 22, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge